**No. 50984.**—Protests 960881–G, etc., of Stewart & Co., Inc., et al. (Baltimore, etc.).

Opinion by Tilson, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

### BEFORE THE THIRD DIVISION, APRIL 3, 1946

**No. 50985.**—Protests 14196–K, etc., of Justis Tharaud, Inc., et al. (Baltimore, etc.).

Opinion by Keefe, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50986.**—Protests 18703–K, etc., of Geo. J. Higginson et al. (Portland, Oreg.).

Opinion by Keefe, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50987.**—Protests 51122–K, etc., of Continental Ceramics Corp. et al. (New York).

Opinion by Keefe, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50988.**—Protests 71893–K, etc., of Thorens, Inc., et al. (New York).

Opinion by Keefe, J.  Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50989.**—Protest 41994–K of Samuel Shapiro & Co., Inc. (Baltimore).

Opinion by Ekwall, J.  In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.  (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)  In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50990.**—Protests 42186–K, etc., of Horrocks-Ibbotson Co., Utica, N. Y. (Rochester).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50991.—Protests 52889–K, etc., of Shantz Associates (Rochester).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

No. 50992.—Protests 58086–K, etc., of Cluett Peabody & Co., Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were overruled as to entry 806435 covered by protest 58086–K and entry 818428 covered by protest 62226–K.

No. 50993.—Protests 61927–K, etc., of Superior Linen Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided